IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(13) |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RADEE GARRET, | : | |
| Defendant. | : | |

**ORDER DENYING PETITION OF CHASITY WILLIAMS (Doc. 1134)**

This matter is before the Court on Petitioner Chasity Williams's Petition (Doc. 1134). In the Petition, Ms. Williams asserts ownership over real property forfeited in the Preliminary Order of Forfeiture (Doc. 1047). A third party may assert "a legal interest in property which has been ordered forfeited to the United States" under 21 U.S.C. § 853(n). To assert such interest, a petitioner is required to file a petition with the court "for a hearing to adjudicate the validity of [her] alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition must "be signed by the petitioner under penalty of perjury and set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

Here, Ms. Williams' Petition does not satisfy the requirements of 21 U.S.C. § 853(n)(3). Specifically, the Petition is not signed by Ms. Williams under the penalty of

perjury. Thus, due to such failure, the Petition (Doc. 113) is **DENIED**. However, Ms. Williams may refile a petition that complies with the requirements outlined in 21 U.S.C. § 853(n).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND